Wanamaker, J.
The journal entry in this case, as corrected, together with the opinion of the court of appeals, clearly show that the court of appeals reversed the judgment below upon one single error of law; that is, the testimony of one Thomas Doreen, who had testified as a witness in behalf of the plaintiff, had been examined and cross-examined, and was subsequently recalled by counsel for the defendant company for further cross-examination.
"What occurred after such recall of the witness Doreen, so far as pertinent, is disclosed by the record as follows:
*213 “Tom Doreen, recalled for further cross-examination by the defendant, and having been sworn testified further as follows:
“ Cross-examination ■ by Mr. Powell.
‘ ‘ Q. Mr. Doreen, I will call your attention to this car, and I will ask you if that is a correct representation of your car as it appeared say immediately after the accident (handing witness photograph) ? A. Well, I don’t know, I didn’t see it immediately after the accident.
“Q. Is that the number of your car? A. I think it is, but I wouldn’t even swear to that.
“Q. Well, I simply wanted to know? A. I wouldn’t swear to it, I ain’t going to swear to no lie for you. I didn’t see the ear. I wasn’t able to see it.
“Q. I appreciate that. And you wouldn’t be able to tell whether that is another view of the same ear (indicating another photograph) ? A. No, I would not.
“Q. And you wouldn’t be able to tell whether that was the scene of the accident (indicating another photograph) ? A. No, I wouldn’t say that.
“Q. Mr. Doreen, I want to ask you another question or two. How far would your headlights illumine the street as you were using them immediately prior to this collision? A. I couldn’t say.
“Q. Have you any idea? A. I wouldn’t swear to that.
“Q. Well, they were the ordinary side-lights, weren’t they? A. Just little lamps on the side just about that big, I should judge (indicating about *214 two or three inches in diameter), and then a bnlb inside of it.
££Q. Were there any arc lights lit above the roadway on which you were traveling just prior to the accident? A. Prior to the accident?
“Q. Just before? A. No.
“Q. There were none. A. There were none.
“Q. Do you want the jury to understand you were going along fifteen or twenty miles an hour with your Cadillac car with three people other than yourself riding in it with dim lights and no light above it? A. Now, Mr. Powell, I told your concern, The Cleveland Railway Company before they paid me a dollar, exactly what I told you here on the stand — -before they paid me a dollar—
“Mr. Powell: I object to the answer, your Honor, and move to strike it out.
£ ‘ The Court : Answer the question, Mr. Doreen.
££Q. Just answer my question. (The last question read.) A. No, I didn’t have no light above the car, I just had these two lights on the side of the car. Those were the only lamps I had lit.
“Mr. Powell: If your Honor please, I object to the answer that was volunteered by the witness and move to strike it out.
‘£ The Court : The part of the answer that witness volunteered — whatever he said, was not responsive. It was volunteered by the witness, and should not have been volunteered under any circumstances. It is not admissible, and for that reason it is taken away from your consideration. You must not consider it in any v?ay as evidence in the case. Pay no attention whatever to the statement made by the witness in that behalf.
*215 “Mr. Powell: The defendant moves the court, at this time, to withdraw a juror and continue the case, for the reason that it appears from the answer that the witness has had a settlement with or payment from the Railway Company.”
This motion was overruled by the court, to which ruling the defendant then and there excepted. Further, the following occurred:
“The Court: I am compelled to say to the witness, without affecting your credibility or discounting what you say to the jury, that is not the purpose of the Court’s making this statement, but counsel has had experience enough to appreciate that conduct of the witness of that kind is reprehensible. It was not in response to the question of counsel, and I can only say to the jury again that that statement is entirely foreign to the issue in this case, and I am saying this to you for the purpose of removing any possible prejudice the statement of the witness might have created in your mind, and I therefore charge you, and charge you earnestly that you must not consider or allow it to enter your mind or to influence your judgment in any way whatsoever.
“Mr. Powell: I would respectfully renew the motion I made, but I do not care to get into a controversy with my friend whose abilities I am willing to concede are greater than mine, * * * but I now renew my motion that the court withdraw a juror and continue the case.”
This motion was also overruled by the court, to which ruling of the court the defendant then and there excepted.
The matters of error for which new trials may be ordered by the trial court or reviewing court are *216 enumerated and defined by Section 11576, General Code, which so far as pertinent reads:
“A former verdict, report, or decision, shall be vacated, and a new trial granted by the trial court on the application of a party aggrieved, for any of the following causes affecting materially his substantial rights:
“1. Irregularity in the proceedings of the court, jury, referee, master, or prevailing party, or any order of the court or referee, or abuse of discretion, by which he was prevented from having a fair trial.
“2. Misconduct of the jury or prevailing party.”
The other six remaining grounds are not involved in this case.
It will be observed that in neither one of these grounds, referring to “irregularity” or “misconduct,” does the word “witness” anywhere appear, either expressly or impliedly, save and except where the testimony of the witness was brought about directly or indirectly by the “prevailing party.”
No claim is made in this case that the prevailing party was in any wise responsible for the answer of the witness Doreen, here complained of. The misconduct expressed in the statute authorizing new trial, not being the misconduct of any witness in and of himself, would not be sufficient in law to warrant a new trial, unless the action of the court with reference thereto had resulted in such prejudice to the losing party that .“he was prevented from having a fair trial.”
The testimony called for by the question of counsel for the defendant had been fully given in counsel’s former cross-examination of this witness. There was nothing new in it. It was not unnatural *217 that the witness should he somewhat irritated or provoked in being examined on a matter concerning which he had already fully testified. Of course that did not justify his outburst, which the court proceeded to at once withdraw from the jury upon the objection of counsel. The answer was stricken out, and the jury were especially cautioned by the court as follows:
The Court: “The part of the answer that witness volunteered — whatever he said, was not responsive; it was volunteered by the witness, and should not have been volunteered under any circumstances. It is * * * taken a,way from your consideration. You must not consider it in any way as evidence in the case. Pay no attention whatever to the statement made by the witness in that behalf.”
Now the language of Doreen, complained of, neither states nor directly suggests that any settlement had been made between The Cleveland Railway Company and Doreen, growing out of this particular collision, and, even if it did, it does not in any wise suggest whether the amount paid was merely nominal or substantial.
It is matter of common knowledge that parties denying all liability may buy their peace; avoid the expenses of litigation by the payment of a nominal amount. Other transactions than those growing out of this collision might well have- occurred between the railway company and Doreen, a stockholder in the company, to which the testimony might well have related.
The word “settlement” was for the first time expressly brought out in connection with that collision *218 between the railway company and Doreen by the motion of the defendant’s counsel, Mr. Powell. For the first time the jury were advised that “settlement with or payment from the railway company” appeared in the record, and it may fairly be open to question whether or not, thus far in the proceedings, any prejudice had been done the defendant. This statement, if not wholly responsible for the prejudice, surely emphasized it.
Did the court’s handling of this situation, touching the answer and conduct of the witness, substantially prevent or correct any prejudice against the defendant or in favor of the plaintiff in its impression or influence upon the jury?
Jurors regard the attitude of the trial judge and his commands and instructions as controlling far above any suggestions of counsel or witness. The court stands as an arbiter between the parties; so do the jury.
The judge’s instructions withdrawing and excluding the witness’s answer from the consideration of the jury, especially when that withdrawal was made emphatically and repeatedly, should be presumed in law to be followed by the jury; as much so as any other legal instructions during the progress of the trial or in the final charge of the court. When, however, there is added to such repeated and emphatic cautions the express and severe reprimand that the testimony and conduct of the witness in respect to that answer were “reprehensible,” such comment and condemnation are so unusual and severe that the natural effect would be to substantially destroy the credibility of such witness upon any point where *219 his testimony is in conflict with the testimony of other witnesses.
It may well be doubted, too, whether upon the entire record of the case the comments of the court and his severe condemnation of the witness Doreen were not more likely to be error against the plaintiff than against defendant.
No claim is made that counsel for the plaintiff was in any wise responsible for this testimony, or that he in any wise referred to it in his argument to the court or jury. But, when the court, just before the cause was submitted to the jury, in its final charge, referred to the answer, theretofore excluded, as “highly prejudicial and reprehensible” upon the part of the witness, Thomas Doreen, and again cautioned the jury not to permit the statement of the witness Doreen' to in any way “affect your mind and judgment in the consideration of this important case,” it would seem that extraordinary precautions had been taken not only to utterly destroy the effect of the objectionable answer but the entire testimony of the witness Doreen upon any controverted point.
In view of this record, and the fair and full comments of the court characterizing the same, it is hardly believable that any prejudice whatsoever resulted to the defendant company. The reaction, if any, must have been unfavorable toward Doreen and the party that called him.
But what would be the result of a policy permitting a witness by some indiscreet, irrelevant, unresponsive answer, which he might think competent, uttered in the presence of the jury, to work a mistrial of the case and bring about the reversal of a verdict *220 otherwise concededly just and legal, responsive to the remaining evidence in the cause ?
It must be remembered that while the judge on the bench and the lawyers at the trial table are especially schooled and experienced in court procedure, and are quite at home in the usual trial of causes, the average witness, as a rule, is wholly unused to and unfamiliar with such procedure and the rules of evidence, and especially the limitations placed upon witnesses by those rules; though the witness, in open court, has solemnly taken his oath “to tell the truth, the whole truth, and nothing but the truth.”
Witnesses are as a rule impressed with the importance of this oath, and generally try to faithfully observe it, but by reason of their unfamiliarity with the laws of evidence they often violate in their answers the old and well-settled rules of evidence;’ and it is common knowledge that it very often happens in the course of a hotly-contested trial that it is often necessary to strike out either partial or entire answers of a witness as irrelevant and unresponsive. It is also a matter of common knowledge that skilled and persistent counsel not infrequently repeat a question to the point of raising a doubt as1 to the veracity or integrity of the witness upon the stand, very often changing the form of the questions by the use of some different word or phrase, and in such case the witness not infrequently obtains the idea not only that he is having his truthfulness impeached but likewise that he is in danger of being in some way entrapped by some verbal change in his testimony. In such a situation the witness is often nat *221 urally annoyed and irritated, and such an outburst as appears in this case naturally happens.
Now, it would be carrying a more or less technical rule of evidence to most dangerous and impractical lengths, if, by reason of some such answer of a witness, incompetent and prejudicial testimony were given, the irregularity or error of which no court could cure, no matter what precautions might be taken by excluding the testimony and reprimanding the witness for giving the same, thus to permit the trial to proceed by due process of law; if, in short, it would be necessary on every such occasion of incompetent and prejudicial testimony given by a witness in answer to a question, but wrongly given, for the court to order a mistrial, withdraw a juror, and continue the case, very often with great expense to the parties in the case and delay in its final determination. If such were the settled rule of law, then truly litigation would be not only unduly delayed, but often interminable.
In this cause, in view of the whole record, the prompt and pertinent action of the court in dealing with the testimony of Doreen, added to which was the court’s reprimand of the witness in the presence of the jury, as to the justification for which there may be doubt, and especially in view of the severe reprimand of the court concerning the witness’s testimony, we are of opinion that no prejudice to the defendant in error could reasonably have occurred in the minds of the jury.
The court’s severe characterization of the duty of the witness Doreen, as shown by the record, whether warranted or no, doubtless left in the minds *222 of the jury little of his testimony for the favorable consideration of the jury.
Much of the procedure in a trial, the keeping of the jury, counsel and witnesses within the just limits of the issues and the competent evidence thereon, and their conduct pertinent thereto, must be left to the sound discretion of the presiding judge. That discretion seems to have been promptly and soundly exercised in this cause, in such manner that the defendant had no just cause to complain.
We find that the court of appeals upon the record was not justified in reversing this cause, and therefore the judgment of the court of appeals will be reversed and the judgment of the court of common pleas affirmed.

Judgment reversed.

Marshall, C. J.. Robinson, Matthias and Allen, JJ., concur.